Law Offices of David M. Watkins
285 Closter Dock Road
Closter, New Jersey 07624
Tel:   (201) 768-0301
Fax: (201) 768-3125
***Attorney for Defendants***

_____ X

FARRAH KULE-RUBIN, ET AL.,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Plaintiffs,

CIVIL CASE NO.:

- against -

Docket No.: 11 CV 2424

BAHARI GROUP LIMITED, ET AL.,

Defendants.

_____ X

Defendants, BAHARI GROUP LIMITED, REZA BEHARI and FATTANEH BAHARI, by and through their attorney, David M. Watkins, Esq., located at 285 Closter Dock Road, Closter, New Jersey 07624, by way of Answer to Plaintiff's Complaint hereby says:

## NATURE OF THE CLAIMS

1. Defendants deny the allegations set forth in Paragraph 1 of the Plaintiffs Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of Plaintiffs Complaint.

## JURISDICTION AND VENUE

3. Defendants neither admit nor deny the allegations set forth in Paragraph 3 of Plaintiffs Complaint.

1

4. Defendants neither admit nor deny the allegations set forth in Paragraph 4 of Plaintiffs Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of Plaintiffs Complaint.

## PARTIES

6. Defendants neither admit nor deny the allegations set forth in Paragraph 6 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

7. Defendants neither admit nor deny the allegations set forth in Paragraph 7 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

8. Defendants neither admit nor deny the allegations set forth in Paragraph 8 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

9. Defendants neither admit nor deny the allegations set forth in Paragraph 9 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

10. Defendants neither admit nor deny the allegations set forth in Paragraph 10 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

11. Defendants neither admit nor deny the allegations set forth in Paragraph 11 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

12. Defendants neither admit nor deny the allegations set forth in Paragraph 12 of Plaintiffs Complaint.

13. Defendants neither admit nor deny the allegations set forth in Paragraph 13 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

14. Defendants neither admit nor deny the allegations set forth in Paragraph 14 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

15. Defendants neither admit nor deny the allegations set forth in Paragraph 15 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

16. Defendants neither admit nor deny the allegations set forth in Paragraph 16 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

17. Defendants neither admit nor deny the allegations set forth in Paragraph 17 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

18. Defendants neither admit nor deny the allegations set forth in Paragraph 18 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

19. Defendants neither admit nor deny the allegations set forth in Paragraph 19 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

20. Defendants neither admit nor deny the allegations set forth in Paragraph 20 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

## FACTUAL ALLEGATIONS

21. Defendants neither admit nor deny the allegations set forth in Paragraph 21 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

22. Defendants neither admit nor deny the allegations set forth in Paragraph 22 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

23. Defendants neither admit nor deny the allegations set forth in Paragraph 23 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

24. Defendants neither admit nor deny the allegations set forth in Paragraph 24 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

25. Defendants neither admit nor deny the allegations set forth in Paragraph 25 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

26. Defendants neither admit nor deny the allegations set forth in Paragraph 26 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

27. Defendants neither admit nor deny the allegations set forth in Paragraph 27 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

28. Defendants neither admit nor deny the allegations set forth in Paragraph 28 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

29. Defendants neither admit nor deny the allegations set forth in Paragraph 29 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

30. Defendants neither admit nor deny the allegations set forth in Paragraph 30 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

31. Defendants neither admit nor deny the allegations set forth in Paragraph 31 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

### DEFENDANTS' INTENTIONAL AND UNLAWFUL WAGE PRACTICES

32. Defendants deny the allegations set forth in Paragraph 32 of Plaintiffs Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of Plaintiffs Complaint.

34. Defendants neither admit nor deny the allegations set forth in Paragraph 34 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

35. Defendants deny the allegations set forth in Paragraph 35 of Plaintiffs Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of Plaintiffs Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of Plaintiffs Complaint.

38. Defendants neither admit nor deny the allegations set forth in Paragraph 38 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

39. Defendants neither admit nor deny the allegations set forth in Paragraph 39 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

40. Defendants deny the allegations set forth in Paragraph 40 of Plaintiffs Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of Plaintiffs Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of Plaintiffs Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of Plaintiffs Complaint.

## FIRST CAUSE OF ACTION

44. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

45. Defendants neither admit nor deny the allegations set forth in Paragraph 45 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

46. Defendants deny the allegations set forth in Paragraph 46 of Plaintiffs Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of Plaintiffs Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of Plaintiffs Complaint.

## SECOND CAUSE OF ACTION

49. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

50. Defendants neither admit nor deny the allegations set forth in Paragraph 50 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

51. Defendants neither admit nor deny the allegations set forth in Paragraph 51 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

52. Defendants deny the allegations set forth in Paragraph 52 of Plaintiffs Complaint.

53. Defendants deny the allegations set forth in Paragraph 53 of Plaintiffs Complaint.

### THIRD CAUSE OF ACTION

54. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

55. Defendants neither admit nor deny the allegations set forth in Paragraph 55 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

56. Defendants deny the allegations set forth in Paragraph 56 of Plaintiffs Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of Plaintiffs Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of Plaintiffs Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of Plaintiffs Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of Plaintiffs Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of Plaintiffs Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of Plaintiffs Complaint.

### FOURTH CAUSE OF ACTION

63. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

64. Defendants neither admit nor deny the allegations set forth in Paragraph 64 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

65. Defendants neither admit nor deny the allegations set forth in Paragraph 65 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

66. Defendants neither admit nor deny the allegations set forth in Paragraph 66 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

67. Defendants neither admit nor deny the allegations set forth in Paragraph 67 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

## FIFTH CAUSE OF ACTION

68. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

69. Defendants deny the allegations set forth in Paragraph 69 of Plaintiffs Complaint.

70. Defendants deny the allegations set forth in Paragraph 70 of Plaintiffs Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of Plaintiffs Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of Plaintiffs Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of Plaintiffs Complaint.

74. Defendants neither admit nor deny the allegations set forth in Paragraph 74 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

75. Defendants deny the allegations set forth in Paragraph 75 of Plaintiffs Complaint.

## SIXTH CAUSE OF ACTION

76. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

77. Defendants deny the allegations set forth in Paragraph 77 of Plaintiffs Complaint.

78. Defendants neither admit nor deny the allegations set forth in Paragraph 78 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

79. Defendants neither admit nor deny the allegations set forth in Paragraph 79 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

80. Defendants neither admit nor deny the allegations set forth in Paragraph 80 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

81. Defendants deny the allegations set forth in Paragraph 81 of Plaintiffs Complaint.

82. Defendants neither admit nor deny the allegations set forth in Paragraph 82 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

83. Defendants deny the allegations set forth in Paragraph 83 of Plaintiffs Complaint.

## SEVENTH CAUSE OF ACTION

84. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

85. Defendants neither admit nor deny the allegations set forth in Paragraph 85 of Plaintiffs Complaint.

86. Defendants neither admit nor deny the allegations set forth in Paragraph 86 of Plaintiffs Complaint.

8

87. Defendants neither admit nor deny the allegations set forth in Paragraph 87 of Plaintiffs Complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of Plaintiffs Complaint.

89. Defendants neither admit nor deny the allegations set forth in Paragraph 89 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

## EIGHTH CAUSE OF ACTION

90. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

91. Defendants deny the allegations set forth in Paragraph 91 of Plaintiffs Complaint.

92. Defendants neither admit nor deny the allegations set forth in Paragraph 92 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

93. Defendants neither admit nor deny the allegations set forth in Paragraph 93 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

## NINTH CAUSE OF ACTION

94. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

95. Defendants neither admit nor deny the allegations set forth in Paragraph 95 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

96. Defendants neither admit nor deny the allegations set forth in Paragraph 96 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

## TENTH CAUSE OF ACTION

97. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

98. Defendants neither admit nor deny the allegations set forth in Paragraph 98 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

99. Defendants deny the allegations set forth in Paragraph 99 of Plaintiffs Complaint.

100. Defendants deny the allegations set forth in Paragraph 100 of Plaintiffs Complaint.

101. Defendants neither admit nor deny the allegations set forth in Paragraph 101 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

102. Defendants neither admit nor deny the allegations set forth in Paragraph 102 of Plaintiffs Complaint and leave Plaintiffs to their proofs.

## ELEVENTH CAUSE OF ACTION

103. Defendants repeat and reiterate each and every response set forth in the foregoing Paragraphs of its Answer to Plaintiffs Complaint as if fully set forth herein.

104. Defendants deny the allegations set forth in Paragraph 104 of Plaintiffs Complaint.

105. Defendants deny the allegations set forth in Paragraph 105 of Plaintiffs Complaint.

106. Defendants neither admit nor deny the allegations set forth in Paragraph 106 of Plaintiffs Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment as follows:

(a) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

(b) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

(c) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

(d) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

(e) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

(f) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

(g) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

(h) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

(i) Dismissing Plaintiffs Complaint together with interest, costs of suit and attorney fees;

Dated: September 6, 2011

Law Offices of David M. Watkins

By: _____
MARC A. GREENBERG, ESQ. (MG2529)
*Attorney for Defendants*

## AFFIRMATIVE AND SEPARATE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs Complaint fails to state a cause of action upon which relief can be granted.

11

## SECOND AFFIRMATIVE DEFENSE

The Court does not have personal jurisdiction over Defendants.

## THIRD AFFIRMATIVE DEFENSE

Damages, if any, due the Plaintiffs are offset by amounts due to the Defendants from the

Plaintiffs actions.

## FOURTH AFFIRMATIVE DEFENSE

Defendants have breached no duty owed to the Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Any and all injuries and damages that may have been sustained by Plaintiffs were caused solely

by the negligence, acts, omissions and/or failure to mitigate damages of Plaintiffs and/or

conditions beyond Defendants control.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, pursuant to the Doctrine of Estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Without assuming the burden of proof, Defendants have complied with all recordkeeping and

accounting requirements.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants owe no duty, contractual or otherwise, to the Plaintiffs with regard to the subject

matter of this Complaint but, if it is determined that such a duty was owed to the Plaintiffs, such

duty was not breached.

## NINTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith in attempting to comply with any obligations it had.

Accordingly, punitive damages are not available or warranted

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts upon which relief can be granted and Defendants reserve the right to file a motion to dismiss the Complaint or a motion for summary judgment to secure the dismissal of the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend its Answer and to assert additional defenses and/or supplement alter and change its Answer upon the revelation of more definite facts by the Plaintiffs, and completion of further discovery and investigation.

## COUNTERCLAIM

Defendants, by way of Counterclaim against the Plaintiffs, hereby say:

1. Defendant, The Bahari Group, or its predecessor name, has been in existence for over eighteen years.

2. Defendant is not, and has never been, a company employing over 20 employees.

3. Defendant is not subject to COBRA.

4. Enjoying considerable success as a company, Defendant began experiencing problems after September 2011.

5. After that time, a chain of events started to affect the company's cash flow and credit line, which resulting in significant losses.

6. First, Talbot's started to close stores. This had a considerable effect on Defendant's business.

13

7. Second, Chico's started to Drop prices and cancel its large orders with Defendant.

8. Third, the Cost of material and labor in China spiked upwards of 20%-30%, further causing damage to Defendant's business.

9. At this point in time, Defendant sought out investors for assistance with its business.

10. All Employees were told and were aware of all problems occurring and informed that investors were being sought.

11. Shortly thereafter, a bank was assigned as a third party controller to manage and allocate funds and oversee operations.

12. It was during this time where Plaintiffs began to speak with customers of Defendant in attempts to secure employment for themselves.

13. Plaintiffs further interfered with Defendants business by sharing financial information with direct competitors of Defendant.

14. Defendant lost all investor opportunities due to Plaintiffs actions.

15. In November 2010, Defendant the Bahari Group was forced to close its business with the Bank taking over all assets.

16. As to Plaintiff Penalver, she was hired to work on Chico's design and product development only.

17. When problems with Chico's arose, Plaintiff Penalver's work was reduced drastically.

18. Defendant had no need for Plaintiff's position anywhere within the company.

19. Defendant, realizing that Plaintiff Penalver was pregnant, continued to pay her salary throughout the pregnancy.

20. In November 2010, Plaintiff Penalver was notified that her position was no lonver needed and she was let go.

21. When Plaintiff's Insurance Company canceled her insurance, Defendant ensured that Plaintiff received insurance that same day, which was accomplished.

22. At no point in time have Plaintiffs come to Defendants and demanded any monies owed, including any alleged salary owed.

<u>COUNT I</u>
<u>Fraud against Plaintiffs Lana Rybak, Farrah Kule-Rubin and Sheila Yen</u>

23. The Defendants repeat and make part hereof each and every allegation contained in Defendants counterclaim, as if set forth at length herein.

24. Plaintiff Lana Rybak worked with Defendant and dealt directly with Chico's.

25. As a result of Chico's cancelled orders, Plaintiff Rybak sought employment elsewhere.

26. In October 2010, and while still with Defendant, Plaintiff Rybak and Plaintiff Farrah Kule-Rubin agreed to work for Defendant's competitor, Jump Apparel.

27. Prior to joining Jump Apparel, Plaintiff Rybak and Kule-Rubin began speaking with a customer of Defendant's, David's Bridal, about switching their apparel orders from Defendant to Jump Apparel.

28. From October until the time she started with David's Bridal, Plaintiff Rybak and Kule-Rubin discussed Defendant's business with David's Bridal; took samples without authorization and designs that belonged to Defendant; and attempted to take Defendant's current orders with David's Bridal to Jump Apparel.

29. Plaintiff Rybak discussed her plans via company email.

30. David's Bridal informed Defendant of the situation and Defendant confronted Plaintiff Rybak and Kule-Rubin.

31. Plaintiff Rybak and Kule-Rubin subsequently would quit their job with Defendant.

32. After clear instructions not to enter Defendant's premises, Plaintiff Kule-Rubin entered Defendant's business and took samples and other materials belonging to Defendant.

33. Plaintiff SheilaYen, during 2010, contacted one of Defendant's customers and orchestrated a deal between the licensee and another manufacturer to divert business from Defendant to a competitor of Defendant.


## COUNT II
## Tortious Interference with Business

34. The Defendants repeat and make part hereof each and every allegation contained in Defendants counterclaim, as if set forth at length herein.

35. Plaintiffs, during their employment with Defendant, stole samples, called customers in attempts to divert business, and otherwise interfered with the Defendant's business.

36. Plaintiffs, with knowledge of the relationship between Defendant and its third party customers, intentionally and without justification, convinced the third party's to breach their agreements with Defendant.


## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment in their favor and against Plaintiffs, for the following:

A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Defendants for all monetary and/or economic damages;

B. An award of compensatory damages;

C. An award of punitive damages;

16

D.  An award of costs and expenses that Defendants have incurred in this action; and

E.  Such other and further relief as the Court may deem just and proper.


Dated: September 6, 2011

                                        Law Offices of David M. Watkins

                          By: _____

                                        MARC A. GREENBERG, ESQ. (MG2529)
                                        *Attorney for Defendants*