**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- X

FARRAH KULE-RUBIN, LANA RYBAK, SHEILA YEN-  :
PFISTER, JEANETTE PENALVER, REBECCA        :
SCHLOSSBERG, TIEU PHAN CHAN, LAI WAN NG,   :
SHAOLI HU ZHANG, CLAUDETTE JEAN-BAPTISTE,  :
MOON CHAN and FUN YIM NG,                  :      Civil Action No.:
                                           :      11 CIV 2424 (TPG) (JLC)
                       Plaintiffs,   :
                                           :
      - against -                        :
                                           :
BAHARI GROUP LIMITED; REZA BAHARI, in his  :
individual and official capacities; FATTANEH BAHARI, in :
her individual and official capacities; and "JOHN DOES 1 :
through 5," whose names are not currently known, in their :
individual and official capacities,        :
                                           :
                    Defendants.  :
                                           :
---------------------------------------------------------------------- X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' INQUEST FOR DAMAGES, ATTORNEYS' FEES, COSTS AND PRE- AND POST-JUDGMENT INTEREST

THOMPSON WIGDOR LLP

Douglas H. Wigdor, Esq.
David E. Gottlieb, Esq.
85 Fifth Avenue
New York, New York 10003
Phone: (212) 257-6800
Facsimile: (212) 257-6845

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT......................................................................................................................1

I.   DEFENDANTS' LIABILITY IS PRESUMED AS A MATTER OF LAW ......................1

II.  PLAINTIFFS ARE ENTITLED TO DAMAGES.................................................3

   A.  Plaintiffs Are Entitled to an Award of Damages on the First and Second
       Causes of Action for  Failure to Pay Minimum Wage Under the FLSA
       and the NYLL .................................................................................................3

   B.  Plaintiffs are Entitled to Damages on the Third Cause of Action for
       Defendants' Failure to Pay Earned Wages and Unlawful Wage Deductions..........9

   C.  Plaintiffs are Entitled to an Award of Damages Against Defendants Reza
       and Fattaneh Bahari as the Prevailing Party on the Fourth Cause of Action ........13

III. PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS.....................13

   A.  Plaintiffs Are the "Prevailing Party" In this Action and Are Therefore
       Entitled to An Award of Reasonable Attorneys' Fees and Costs.........................13

   B.  The Amount of Fees Plaintiffs Seek Are Reasonable...........................................14

   C.  The Hours Claimed Are Reasonable and Recorded .............................................15

   D.  Costs Should be Awarded...................................................................................17

IV.  PLAINTIFFS ARE ENTITLED TO AN AWARD OF PRE- AND
     POST-JUDGMENT INTEREST...........................................................................18

CONCLUSION .................................................................................................19

i

### TABLE OF AUTHORITIES

**FEDERAL CASES**

*Algie v. RCA Global Commc'n. Inc.*,
891 F. Supp. 875 (S.D.N.Y. 1994) .................................................................. 16

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
493 F.3d 110 (2d Cir. 2007) ........................................................................ 14

*Brooklyn Sav. Bank v. O'Neil*,
324 U.S. 697 (1945) ..................................................................................... 3

*Brock v. Superior Care, Inc.*,
840 F.2d 1054 (2d Cir.1988) ........................................................................ 18

*Gierlinger v. Gleason*,
160 F.3d 858 (2d Cir. 1998) ......................................................................... 14

*Gurung v. Malhotra*,
10 CIV. 5086 VM, 2012 WL 983520 (S.D.N.Y. Mar. 16, 2012) ..................... 14

*Heng Chan v. Sung Yue Tung Corp.*,
03 CIV. 6048 GE), 2007 WL 1373118 (S.D.N.Y. May 8, 2007)...................... 15

*Herman v. RSR Sec. Services Ltd.*,
172 F.3d 132 (2d Cir. 1999) ....................................................................... 3, 5

*Kuebel v. Black & Decker Inc.*,
643 F.3d 352 (2d Cir. 2011) .......................................................................... 4

*Maldonado v. La Nueva Rampa, Inc.*,
10 CIV. 8195 LLS JLC, 2012 WL 1669341 (S.D.N.Y. May 14, 2012) ..................... 13, 14

*McLean v. Garage Mgmt. Corp.*,
10 CIV. 3950 DLC, 2012 WL 1358739 (S.D.N.Y. Apr. 19, 2012) ................... 4, 5

*Merriwether v. Coughlin*,
727 F. Supp. 823 (S.D.N.Y. 1989) ................................................................ 15

*Nam Yang v. ACBL Corp.*,
No. 04 Civ. 8987, 2006 WL 435720 (S.D.N.Y. Feb. 22, 2006)...................... 15

*N.Y.S. Teamsters Conference Pension & Retirement Fund v. United Parcel Serv., Inc.*,
98 Civ. 1902, 2004 WL 437474 (N.D.N.Y. Feb. 27, 2004)............................ 16

*Reichman v. Bonsignore, Brignati & Mazzotta P.C.*,
    818 F.2d 278 (2d Cir. 1987) ....................................................................................... 18

*Reilly v. Natwest Markets Group Inc.*,
    181 F.3d 253 (2d Cir. 1999) ......................................................................................... 5

*Rodriguez ex rel. Kelly v. McLoughlin*,
    84 F. Supp. 2d 417 (S.D.N.Y. 1999) ......................................................................... 15

*Ruggles v. Wellpoint, Inc.*,
    253 F.R.D. 61 (N.D.N.Y. 2008) ................................................................................. 18

*Santillan v. Henao*,
    822 F. Supp. 2d 284 (E.D.N.Y. 2011) ................................................................. 17, 18

*Skold v. Am. Int'l Group, Inc.*,
    96 CIV 7137 (HB), 1999 WL 405539 (S.D.N.Y. June 18, 1999) ................................ 15

*Tlacoapa v. Carregal*,
    386 F. Supp. 2d 362 (S.D.N.Y. 2005) ......................................................................... 6

*U.S. v. Tate & Lyle N. Am. Sugars, Inc.*,
    90 A.F.T.R. 2d 2002-6485 (S.D.N.Y. 2002) .............................................................. 18

*Williamsburg Fair Housing Comm. v. New York City Housing Auth.*,
    76 CIV. 2125 (RWS), 2005 WL 736146, (S.D.N.Y. Mar. 31, 2005)............................. 14

*Yu G. Ke v. Saigon Grill, Inc.*,
    595 F.Supp.2d 240 (S.D.N.Y. 2008) ........................................................................... 6

**STATUTES AND OTHER AUTHORITIES**

29 U.S.C.A. § 206......................................................................................................... 3, 7

29 U.S.C.A. § 211(c) ......................................................................................................... 6

29 U.S.C.A. § 216............................................................................................... 3, 13, 17

BCL § 630(a) ................................................................................................................... 13

FLSA § 206(a) ................................................................................................................... 3

FRCP Rule 12 (c) .............................................................................................................. 2

Law News of N.Y. Ch. 372 (A. 6963)................................................................................ 4

Law News of N.Y. Ch. 564 (S. 8380) ............................................................................... 4

N.Y. C.P.L.R. § 5001(b) .............................................................................................. 18, 19

N.Y. C.P.L.R. § 5004 ....................................................................................................... 18

N.Y. Lab. Law § 190 .......................................................................................................... 9

N.Y. Lab. Law § 191 .......................................................................................................... 9

N.Y. Lab. Law § 193 .......................................................................................................... 9

N.Y. Lab. Law § 196-a ................................................................................................... 6, 11

N.Y. Lab. Law § 198(1-a) ................................................................................................... 9

N.Y. Lab. Law § 198-c ....................................................................................................... 9

N.Y. Lab. Law § 652 .......................................................................................................... 3

N.Y. Lab. Law § 663 ......................................................................................... 3, 5, 13, 17

Plaintiffs Farrah Kule-Rubin, Lana Rybak, Sheila Yen-Pfister, Jeanette Penalver, Rebecca Schlossberg, Tieu Phan Chan, Lai Wan Ng, Shaoli Hu Zhang, Claudette Jean-Baptiste, Moon Chan and Fun Yim Ng, by and through their undersigned attorneys, (collectively "Plaintiffs") respectfully submit this memorandum of law in support of their inquest for damages, attorneys' fees, costs and pre- and post-judgment interest.

## PRELIMINARY STATEMENT

On March 5, 2012, a partial judgment on the pleadings was entered against Bahari Group Limited, Reza Bahari and Fattaneh Bahari (collectively, "Defendants") as to the First, Second, Third and Fourth Causes of Action of the Amended Complaint. *See* Docket Number ("Dkt. No.") 18. On April 9, 2012, a status conference was held and the Court approved Plaintiffs' request for an inquest on damages as to the claims for which judgment was granted. This memorandum of law and supporting papers are respectfully submitted on behalf of Plaintiffs in support of their request that the Court order Defendants to fully compensate Plaintiffs as a prevailing party on those claims for which they received a judgment. Plaintiffs further respectfully request that the Court order Defendants to fully compensate counsel for all of the reasonable time and costs expended in this action, as well as the present submission, at a current hourly rate that is comparable to that which is received by lawyers of comparable skill, experience and reputation.

## ARGUMENT

### I.  DEFENDANTS' LIABILITY IS PRESUMED AS A MATTER OF LAW

On April 8, 2011, Plaintiffs filed their Complaint in the United States District Court for the Southern District of New York against Defendants seeking redress for the willful violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Laws ("NYLL"), the

Consolidated Omnibus Budget Reconciliation Act ("COBRA"), as well as state contract and tort laws. *See* Docket No. 1 ("Dkt. No."); Complaint ("Comp") at ¶ 2. On May 5, 2011, Plaintiffs filed the First Amended Complaint, which remained substantively nearly identical, but added two new plaintiffs. *See* Dkt. No. 5; Amended Complaint ("Amended Comp."). On September 6, 2011, Defendants filed their Answer to the Amended Complaint with accompanying counterclaims. *See* Dkt. No. 12; Answer to Amended Complaint ("Answer"). On June 20, 2011, Plaintiffs moved to dismiss Defendants' counterclaims as frivolous. *See* Dkt. No. 7. In their Answer, Defendants failed to deny and/or admitted numerous material factual allegations regarding Defendants' unlawful conduct. *See* Dkt. No. 12; Answer. This was not a mere inadvertence, nor was this a technicality. The reason Defendants failed to deny and/or admitted material allegations is that the allegations are unequivocally true and cannot be denied in a sworn pleading. As a result, on October 11, 2011, Plaintiffs moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") for partial judgment on the pleadings. *See* Dkt No. 13. Defendants never responded to or opposed the motion. On March 5, 2012, this Court granted Plaintiffs' motion for partial judgment on the pleadings and dismissed all of the counterclaims of Defendants. *See* Dkt. No. 18; Opinion re Plaintiffs' Motion for Partial Judgment on the Pleadings ("Order").

As a result of the partial judgment on the pleadings, Defendants are liable to Plaintiffs for their failure to pay minimum wage under both the FLSA and the NYLL and their failure to pay earned wages (including unpaid commissions, expenses and accrued vacation) under the NYLL. Moreover, pursuant to the judgment, the individual Defendants are personally liable under the New York Business Corporation Law ("BCL").

## II.   PLAINTIFFS ARE ENTITLED TO DAMAGES

### A. Plaintiffs Are Entitled to Damages on the First and Second Causes of Action for Failure to Pay Minimum Wage Under the FLSA and the NYLL

Under the FLSA § 206(a), "every employer shall pay to each of his employees who in any work week is engaged in commerce or in the production of goods for commerce" the federally mandated minimum wage.  29 U.S.C.A. § 206.  "Any employer who violates the provisions of § 206… shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages."  29 U.S.C.A. § 216.  Liquidated damages constitute "a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).  With liquidated damages, the employer bears the burden of proving good faith to overcome an award doubling the amount of wages owed.  The burden is a difficult one for employers to pass, "with double damages being the norm and single damages being the exception." *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).  Thus, courts presume willfulness for the purposes of liquidated damages unless defendants can show they acted in good faith.

Moreover, under the NYLL §652, each employer shall pay each employee for each hour they work a wage not less than the state mandated minimum wage.  N.Y. Lab. Law § 652.  If any employee is paid less than the minimum wage, he or she shall recover "the amount of any such underpayments, together with costs all reasonable attorneys' fees, prejudgment interest as required under the civil practice law and rules."  N.Y. Lab. Law § 663.  In addition, liquidated damages equal to 100 percent of the total of such underpayments shall be added to the judgment,

unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.[1]  *Id.*

Here, pursuant to judgment on the First Cause of Action, Plaintiffs are entitled to an award under the FLSA for failure to pay the minimum wage pursuant to § 216.  Particularly, Plaintiffs (other than Claudette Jean-Baptiste) were paid the federally mandated minimum wage for the period from November 1 to November 30, 2010, wherein no wage payments were made to Plaintiffs.[2]  *See* Declaration of Plaintiff Farrah Kule-Rubin ("Pl. Rubin Decl.") at ¶ 10; Declaration of Plaintiff Lana Rybak ("Pl. Rybak Decl.") at ¶ 10;  Declaration of Plaintiff Sheila Yen-Pfister ("Pl. Pfister Decl.") at ¶ 10;  Declaration of Plaintiff Jeanette Penalver ("Pl. Penalver Decl.") at ¶ 10;  Declaration of Plaintiff Rebecca Schlossberg ("Pl. Schlossberg Decl.") at ¶ 10; Declaration of Plaintiff Tieu Phan Chan ("Pl. Phan Chan Decl.") at ¶ 10;  Declaration of Plaintiff Lai Wan Ng ("Pl. Wan Ng Decl.") at ¶ 10;  Declaration of Plaintiff Shaoli Hu Zhang ("Pl. Zhang Decl.") at ¶ 10; Declaration of Plaintiff Moon Chan ("Pl. Moon Chan Decl.") at ¶ 10; Declaration of Plaintiff Fun Yim Ng ("Pl. Yim Ng Decl.") at ¶ 10.  Plaintiff Claudette Jean-Baptise was deprived of her minimum wages during the period of November 15, 2010 to

---

[1]     Sections of the NYLL providing for an award of liquidated damages were amended in 2009 and 2010.  Strengthening Wage and Hour Protections For Working People, 2009 Sess. Law News of N.Y. Ch. 372 (A. 6963); Labor Law--Wage Theft Prevention Act, 2010 Sess. Law News of N.Y. Ch. 564 (S. 8380).  Originally, plaintiffs were entitled to recover liquidated damages under the NYLL "equal to 25% of unpaid wages if plaintiffs would prove that employers' NYLL violations were willful."  *McLean v. Garage Mgmt. Corp.*, 10 CIV. 3950 DLC, 2012 WL 1358739, at *8 (S.D.N.Y. Apr. 19, 2012).  However, §198 now provides that an employee who prevails on a wage claim is entitled to liquidated damages equal to 100% of the amount of wages found to be due "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law."  *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 n.9 (2d Cir. 2011).  Thus, not only did the amendments shift the burden to the employer to show a good faith basis that it complied with the NYLL, but the amendments also increased liquidated damages from 25% to 100% of unpaid wages.

[2]     Though not at issue for the purposes of this inquest, Plaintiffs Lai Wan Ng's and Moon Chan's unpaid minimum wages date back to mid-October.  *See* Compl. at ¶ 33.

November 30, 2010 (two weeks and two days).  Declaration of Plaintiff Claudette Jean-Baptiste ("Pl. Jean-Baptiste Decl.") at ¶ 10.

Furthermore, under the FLSA, Plaintiffs are entitled to an additional award of liquidated damages.  As stated above, liquidated damages that double the total award are the norm, with the employer bearing the burden of proving good faith.  Thus, Defendants are liable to Plaintiffs for the amount of their unpaid minimum wages plus an equal amount in liquidated damages.  Similarly, pursuant to judgment on the Second Cause of Action, Plaintiffs are entitled to an award under the NYLL for failure to pay the minimum wage pursuant to § 663, and an award of liquidated damages equal to 100% percent of unpaid wages, pursuant to the current version of § 663.

Lastly, Plaintiffs should be entitled to recover both FLSA and NYLL liquidated damages for failure to pay minimum wages.  Courts have been willing to impose liquidated damages under both statutes.  For example, in *Mclean v. Garage Management Corp.*, the Court held that because the FLSA and the NYLL liquidated damages clauses serve fundamentally different purposes, both can be imposed for overlapping periods of time.  2012 WL 1358739, at *10 (S.D.N.Y. Apr. 19, 2012).  The *McLean* court noted that the same reasoning was used by the Second Circuit to allow some plaintiffs to recover both liquidated damages and prejudgment interest under the NYLL for the same unpaid wages.  *Id.* (citing *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)).  The purpose of the FLSA liquidated damages clause is to compensate employees "occasioned by the delay in receiving wages due cause by the employer's violation of the FLSA."  *Id.* (citing *Herman*, 172 F.3d at 142)).  The purpose of liquidated damages under the NYLL is to serve as a penalty to employers who willfully withhold an employee's due wages.  *Id.*  Thus, the same reasoning supports an award of both FLSA and

NYLL liquidated damages for the period of November 1 to November 30, 2010 in the instant case. *See also Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 261–62 (S.D.N.Y. 2008) (holding that it is permissible to award liquidated damages under both the FLSA and the NYLL because the purpose of each statute differs).

Although under the FLSA and NYLL the willfulness of Defendants' actions is presumed as a matter of law, Plaintiffs can affirmatively establish that Defendants actions were willful for their failure to pay Plaintiffs and their continued efforts to extract labor from them.  *See* Pls. Decls; Gottlieb Declaration ("Gottlieb Decl.") at ¶ 16; Ex. H.  Moreover, Defendants failed to keep any employment records of Plaintiffs.  Both the FLSA and the NYLL require an employer to maintain and preserve adequate records.  29 U.S.C.A. § 211(c);  N.Y. Lab. Law § 196-a.  Normally, the plaintiff has the burden of proving that work performed went uncompensated.  *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 367 (S.D.N.Y. 2005).  However, when the employer fails to keep records, the plaintiff can meet that burden by testifying that "he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Id.*  Here, Defendants' responses to Plaintiffs' requests for production of documents indicated a failure to maintain the employment records of any of the Plaintiffs.  *See* Gottlieb Decl. at ¶ 13; Ex. E.  Plaintiffs served upon Defendants document requests for which no responses were provided by Defendants.  *Id.* at ¶¶ 11; 12; 13; Ex. E.  Defendants explained that they were no longer in possession of employment documents related to any of the Plaintiffs because, after bankruptcy proceedings, IDB Bank came into possession of the documents.  *Id.* at ¶ 13; Ex. E.  Plaintiffs subsequently subpoenaed IDB Bank for these employment documents.

*Id.* at ¶ 14; Ex. F.  IDB, however, sent correspondence to Plaintiffs denying possession of any such employment documents.  *Id.* at ¶ 15; Ex. G.

The chart below reflects the minimum wage violations described above.  Under the FLSA, the federally mandated minimum wage is $7.25 per hour.  29 U.S.C. § 206.  Under the NYLL, the New York state mandated minimum wage is $7.15 or, if greater, the minimum mandated by the federal government pursuant to 29 U.S.C. § 206.  Thus, the New York State minimum wage is also $7.25.  Plaintiffs worked at least 40 hours per week (8 hours per day) in November 2010.  *See* Pl. Rubin Decl. at ¶ 5; Pl. Rybak Decl. at ¶ 5; Pl. Pfister Decl. at ¶ 5; Pl. Penalver Decl. at ¶ 5; Pl. Schlossberg Decl. at ¶ 5; Pl. Phan Chan Decl. at ¶ 5; Pl. Wan Ng Decl. at ¶ 5; Pl. Zhang Decl. at ¶ 5; Pl. Jean-Baptiste Decl. at ¶ 5; Pl. Moon Chan Decl. at ¶ 5; Pl. Yim Ng Decl. at ¶ 5.  Plaintiffs were not paid any wages at all for the month of November 2010, so the minimum wages owed to Plaintiffs are $7.25 per hour for 40 hours per week.[3]  The month of November 2010 consisted of four weeks and two days (22 business days, or 176 hours).  Therefore, each Plaintiff is owed $1,276 (176 hours x 7.25), except for Claudette Jean-Baptiste who is owed $696 (12 business days; 96 hours x 7.25).  As discussed above, FLSA and NYLL liquidated damages provisions are both equal to 100% of the unpaid wages.

---

[3]      Though Plaintiffs worked *at least* 40 hours per week, and sometimes more, Plaintiffs may be entitled to more than 40 hours per week for the month of November 2010.  However, Plaintiffs only seek compensation for 40 hours per week herein.

| Plaintiff | Minimum Wages Owed[4] | FLSA Liquidated Damages | NYLL Liquidated Damages | TOTAL |
|---|---|---|---|---|
| Farrah Kule Rubin | $1,276 | $1,276 | $1,276 | $3,828 |
| Lana Rybak | $1,276 | $1,276 | $1,276 | $3,828 |
| Sheila Yen-Pfister | $1,276 | $1,276 | $1,276 | $3,828 |
| Jeanette Penalver | $1,276 | $1,276 | $1,276 | $3,828 |
| Rebecca Schlossberg | $1,276 | $1,276 | $1,276 | $3,828 |
| Tieu Phan Chan | $1,276 | $1,276 | $1,276 | $3,828 |
| Lai Wan Ng | $1,276 | $1,276 | $1,276 | $3,828 |
| Shaoli Hu Zhang | $1,276 | $1,276 | $1,276 | $3,828 |
| Claudette Jean-Baptiste | $696 | $696 | $696 | $2,088 |
| Moon Chan | $1,276 | $1,276 | $1,276 | $3,828 |
| Fun Yim Ng | $1,276 | $1,276 | $1,276 | $3,828 |
| **TOTAL** | **$13,456** | **$13,456** | **$13,456** | **$40,368** |

Therefore, Plaintiffs respectfully request judgment on the First and Second Cause of Action in the amount of $40,368, plus attorneys' fees, costs and other statutory remedies.

---

[4]     Calculations based on declarations of Plaintiffs and supporting documents.

### B.   Plaintiffs Are Entitled to Damages on the Third Cause of Action for Defendants' Failure to Pay Earned Wages and Unlawful Wage Deductions

Employers who fail to pay employees their earned wages are in violation of the NYLL and are liable to those employees.  "Wages" are defined in the NYLL as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190.  The term "wages" also includes wage supplements and benefits such as "reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay." N.Y. Lab. Law § 198-c.  The NYLL protects employees' wages by not allowing employers to make any unlawful deduction from the wages of an employee.  N.Y. Lab. Law § 193.  Furthermore, "if employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred..." N.Y. Lab. Law § 191.  Under the NYLL, the remedy for any prevailing action instituted in the courts by an employee upon a wage claim, is allowing "such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." N.Y. Lab. Law § 198(1-a).

Here, pursuant to the judgment on the Third Cause of Action, the Defendants failed to pay Plaintiffs their earned wages (including unpaid expenses and accrued vacation time) in violation of the NYLL for the entire month of November (and for earlier periods for some Plaintiffs).[5]  See Order at *9.  These violations are described in more detail below.

---

[5]      Plaintiffs Moon Chan and Lai Wan Ng are owed earned wages from October 2010 in addition to November 2010 wages.  Plaintiffs Sheila Yen Pfister, Farrah Kule-Rubin and Lana

First, Defendants failed to pay Plaintiffs all their base salaries. *See* Pl. Rubin Decl. at ¶ 6; Pl. Rybak Decl. at ¶ 6; Pl. Pfister Decl. at ¶ 6; Pl. Penalver Decl. at ¶ 6; Pl. Schlossberg Decl. at ¶ 6; Pl. Phan Chan Decl. at ¶ 6; Pl. Wan Ng Decl. at ¶ 6; Pl. Zhang Decl. at ¶ 6; Pl. Jean-Baptiste Decl. at ¶ 6; Pl. Moon Chan Decl. at ¶ 6; Pl. Yim Ng Decl. at ¶ 6. Moreover, Plaintiffs Sheila Yen-Pfister, Farrah Kule-Rubin and Lana Rybak are owed earned commissions from November 2010. *See* Pl. Pfister Decl. at ¶ 11; Pl. Rubin Decl. at ¶ 11; Pl. Rybak Decl. at ¶ 11.

Second, Defendants failed to compensate some Plaintiffs for their accrued and unused vacation time at the time of termination. Plaintiff Fun Yim Ng had 20 days (four weeks) of unused and accrued vacation time. *See* Pl. Yim Ng Decl. at ¶ 12. Plaintiff Lana Rybak had five days (one week) of unused and accrued vacation time. *See* Pl. Rybak Decl. at ¶ 14. Plaintiff Rebecca Schlossberg had two days of unused and accrued vacation time. *See* Pl. Schlossberg Decl. at ¶ 13. Plaintiff Tieu Phan Chan had ten days (two weeks) of unused and accrued vacation time. *See* Pl. Phan Chan Decl. at ¶ 12. Plaintiff Lai Wan Ng had ten days (two weeks) of unused and accrued vacation time. *See* Pl. Wan Ng Decl. at ¶ 12. Plaintiff Sheila Yen-Pfister had ten days (two weeks) of unused and accrued vacation time. *See* Pl. Pfister Decl. at ¶ 14. Plaintiff Claudette Jean-Baptiste had twelve days (two weeks and two days) of unused and accrued vacation time. *See* Pl. Jean-Baptiste Decl. at ¶ 12.

Third, Defendants made unlawful deductions from some Plaintiffs' wages by failing to reimburse them for expenses. Plaintiffs Farrah Kule-Rubin, Rebecca Schlossberg, Moon Chan, Lana Rybak, Jeanette Penalver and Sheila Yen-Pfister all had business expenses for the month of November for which they were never reimbursed. *See* Pl. Rubin Decl. at ¶ 12; Pl. Schlossberg

---

Rybak are owed earned commissions dating back to July 2008. However, per the Order, these papers in support of the inquest on damages only address unpaid compensation from November 2010.

Decl. at ¶ 11;  Pl. Moon Chan Decl. at  ¶ 11;  Pl. Rybak Decl. at ¶ 12;  Pl. Penalver Decl. at ¶ 11;  Pl. Pfister Decl. at ¶ 12.

Defendants are also liable to all of the Plaintiffs under § 191 for not paying these earned wages of Plaintiffs within a regular pay period after termination on November 30, 2010.  None of the Plaintiffs have received any of the wages owed since termination.  *See* Pl. Rubin Decl. at ¶ 9;  Pl. Rybak Decl. at ¶ 9;  Pl. Pfister Decl. at ¶ 9;  Pl. Penalver Decl. at ¶ 9;  Pl. Schlossberg Decl. at ¶ 9;  Pl. Phan Chan Decl. at ¶ 9;  Pl. Wan Ng Decl. at ¶ 9;  Pl. Zhang Decl. at ¶ 9;  Pl. Jean-Baptiste Decl. at ¶ 9;  Pl. Moon Chan Decl. at ¶ 9;  Pl. Yim Ng Decl. at ¶ 9.

The below chart represents the calculations of the amount of earned wages in November 2010 (in addition to base salaries, including November 2010 commissions, expenses and accrued vacation time) owed to Plaintiffs by Defendants.  The earned wages column of the chart represents Plaintiffs owed wages after subtracting the amount to be recovered through the failure to pay minimum wage under the First and Second Causes of action.  The wages, commissions, vacation time, and unpaid expenses (all of which are considered "wages" under the NYLL) are all based on the declarations and supporting documents provided by Plaintiffs.

Moreover, as noted in footnote 3 above, the NYLL requires an employer to keep adequate records.  When the employer does not keep adequate records, they "shall bear the burden or proving that the complaining employee was paid wages, benefits, and wage supplements."  N.Y. Lab. Law § 196-a.  Here, Defendants have failed to maintain any records of any of the Plaintiffs.  *See* Gottlieb Declaration at ¶ 14.  Thus, the declarations and supporting documents provided herein should be afforded adequate weight as Defendants now have the burden of proving that Plaintiffs were actually paid their wages, benefits, and wage supplements.

| Plaintiff | Earned Wages (Including salary owed, commissions, unpaid expenses, and accrued vacation time) [6] | NYLL Liquidated Damages | TOTAL |
|---|---|---|---|
| Farrah Kule-Rubin | $11,137.08 | $11,137.08 | $22,274.16 |
| Lana Rybak | $8,786.00 | $8,786.00 | $17,572.00 |
| Sheila Yen-Pfister | $17,463.70 | $17,222.70 | $34,927.40 |
| Jeanette Penalver | $7,698.90 | $7,698.90 | $15,397.80 |
| Rebecca Schlossberg | $6,397.02 | $6,397.02 | $12,794.04 |
| Tieu Phan Chan | $2,884.00 | $2,884.00 | $5,768.00 |
| Lai Wan Ng | $2,564.00 | $2,564.00 | $5,128.00 |
| Shaoli Hu Zhang | $2,244.00 | $2,244.00 | $4,488.00 |
| Claudette Jean-Baptiste | $1,824.00 | $1,824.00 | $3,648.00 |
| Moon Chan | $6,670.40 | $6,670.40 | $13,340.80 |
| Fun Yim Ng | $10,823.23 | $10,823.23 | $21,646.46 |
| **TOTAL** | **$78,492.33** | **$78,492.33** | **$156,984.66** |

---

[6]      Based upon declarations and supporting documents of Plaintiffs.  To clarify, the wages reflected in this chart account for all the owed wages, excluding the minimum wages reflected in section I(A).  Thus, the wages reflected on the two charts, when added together, constitute all unpaid wages (including commissions, expenses and unused vacation time) for November 2010.

Therefore, Plaintiffs respectfully request judgment on the Third Cause of Action in the amount of $156,984.66, plus attorneys' fees, costs and other statutory remedies.

### C. Plaintiffs Are Entitled to an Award of Damages Against Defendants Reza and Fattaneh Bahari as the Prevailing Party on the Fourth Cause of Action

Under the New York BCL, the "ten largest shareholders ... shall jointly and severally be liable for all debts, wages, or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation." BCL § 630(a). Here, pursuant to judgment on the Fourth Cause of Action, Plaintiffs are entitled to hold Reza and Fattaneh Bahari, as shareholders of Bahari Group, personally liable for the damages ordered pursuant to this inquest.

## III.   PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS

### A. Plaintiffs Are the "Prevailing Party" In this Action and Are Therefore Entitled to An Award of Reasonable Attorneys' Fees and Costs

As fee-shifting statutes, both the FLSA and the NYLL entitle prevailing plaintiffs to recover reasonable attorney's fees and costs. *Maldonado v. La Nueva Rampa, Inc.*, 10 CIV. 8195 (LLS) (JLC), 2012 WL 1669341, at *12 (S.D.N.Y. May 14, 2012). Particularly, the court in an action under the provisions of the FLSA, in addition to any judgment awarded to the plaintiff or plaintiffs, awards "reasonable attorney's fee to be paid by the defendant." 29 U.S.C.A. § 216. Under the NYLL, in "any civil action by an employee..., the employee...shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment. N.Y. Lab. Law § 663. §663 further provides that "if any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal there from is then pending, whichever is later, the total amount of judgment shall

automatically increase by fifteen percent." *Id.*  Accordingly, Plaintiffs seek attorneys' fees and costs as set forth herein and the Gottlieb Declaration attached hereto.

**B.  The Amount of Fees Plaintiffs Seek Are Reasonable**

In determining the amount of attorneys' fees to which a party is entitled, courts typically use the lode star method considering what a reasonable, paying client would be willing to pay and apply the prevailing market rates for attorneys of similar expertise providing comparable services. *See Maldonado*, 2012 WL 1669341, at \*12; *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 493 F.3d 110, 112 (2d Cir. 2007); *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998).

Under the lodestar method, the reasonable hourly cost of an attorney's time is what that attorney could earn from paying clients. *Arbor Hill*, 493 F.3d 110, 111–12. *See also*, *Maldonado*, 2012 WL 1669341, at \*12; *Gurung v. Malhotra*, 10 CIV. 5086 VM, 2012 WL 983520 (S.D.N.Y. Mar. 16, 2012) ("[O]ne of the factors a court should consider is the rates that a "paying client would be willing to pay, bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.").  The rates cited for Plaintiffs' attorneys Douglas H. Wigdor ($750/hour), David E. Gottlieb ($500/hour) and Matthew D. Gorman ($300/hr) for 2011 and 2012 are regularly commanded by them in their practice and reflect their experience and expertise in employment law. *See* Gottlieb Decl. at ¶ 23; Ex. K.

Further, counsel's fee request cites hourly rates which reflect the market rate and courts of this jurisdiction have cited similar rates in making comparable awards. *See Williamsburg Fair Housing Comm. v. New York City Housing Auth.*, 76 CIV. 2125 (RWS), 2005 WL 736146, at \* 12 (S.D.N.Y. Mar. 31, 2005) ("(A) recent billing survey made by the National Law Journal shows that senior partners in New York City charge as much as $750 per hour and junior

partners charge as much as $490 per hour.") (internal citations omitted); *Skold v. Am. Int'l Group, Inc.*, 96 CIV 7137 (HB), 1999 WL 405539, at *7 (S.D.N.Y. June 18, 1999) (thirteen years ago, awarding $400 for partner overseeing employment discrimination case); *Rodriguez ex rel. Kelly v. McLoughlin*, 84 F. Supp. 2d 417, 421 (S.D.N.Y. 1999) (thirteen years ago, awarding $425 for partner on civil rights case).

The rates of counsel's law clerks and paralegals are similarly supported by Supreme Court (and New York court) principles. Particularly, the Supreme Court in *Missouri v. Jenkins by Agyei* noted that permitting "market-rate billing of paralegal hours encourages cost-effective delivery of legal services and, by reducing the spiraling cost of civil rights litigation, furthers the policies underlying civil rights statutes." 491 U.S. 274, 287 (1989) (internal quotation omitted). *See Heng Chan v. Sung Yue Tung Corp.,* 03 CIV. 6048 (GEL), 2007 WL 1373118 (S.D.N.Y. May 8, 2007) (five years ago, approving paralegal services ranging from $50 to $150 per hour). Like paralegals, law clerks are also compensated at prevailing market rates. *Nam Yang v. ACBL Corp.*, No. 04 Civ. 8987, 2006 WL 435720, at *3 (S.D.N.Y. Feb. 22, 2006) (six years ago, finding that $100 per hour was reasonable for preadmission law school graduate work).

As such, the rates of Douglas H. Wigdor, David E. Gottlieb and Matthew Gorman are reasonable at $750/hour, $500/hour and $300/hour respectively. The rate for law clerk Jamarri Ivy is reasonable at $225/hour. The rates of the paralegals are reasonable at $175/hour.

### C. The Hours Claimed Are Reasonable and Recorded

The party seeking an award of fees should submit evidence to support the number of hours worked and rates claimed. *Merriwether v. Coughlin*, 727 F. Supp. 823, 831 (S.D.N.Y. 1989). However, the attorney "is not required to record in great detail how each minute of time was expended, but at least should identify the general subject matter of his time expenditures."

*N.Y.S. Teamsters Conference Pension & Retirement Fund v. United Parcel Serv., Inc.*, 98 Civ. 1902, 2004 WL 437474, at *3 (N.D.N.Y. Feb. 27, 2004) (internal citations omitted).

To determine the number of compensable hours, the court must initially consider the amount of time reasonably spent on each category of tasks, as documented by the contemporaneous time records of the moving party's attorneys. In calculating the number of reasonable hours, the court looks to its own familiarity with the case, its experience with the case and its experience generally, as well as to the evidentiary submissions and arguments of the parties. *Algie v. RCA Global Commc'n. Inc.*, 891 F. Supp. 875, 894 (S.D.N.Y. 1994) (internal citations omitted).

The Gottlieb Declaration outlines the procedural history of the action and provides copies of computerized timesheets memorializing contemporaneous time records for the attorneys and the paralegals who worked on the matter. *See* Gottlieb Decl. at ¶ 20; Ex. I. The reasonableness of the hours incurred should also be considered in light of the success counsel has had in virtually every aspect of this litigation to date. Moreover, the attorney, law clerk and paralegal hours spent on this matter have been reduced from their original entries in an effort to ensure the reasonableness of the fee application. In total, approximately 62.50 hours have been removed from the actual billable entries. *See* Gottlieb Decl. at ¶ 21. Thus, Plaintiff's submission clearly satisfies the reasonableness and recorded requirements.

The chart below reflects the attorneys' fees requested in connection with this inquest as reflected in the Gottlieb Declaration and the exhibits attached thereto.

| Attorney | Rate | Hours | TOTAL |
|---|---|---|---|
| Douglas H. Wigdor | $750/hour | 1.40 | $1,050 |
| David E. Gottlieb | $500/hour | 150.10 | $75,050.00 |
| Matthew D. Gorman | $300/hour | 10.40 | $3,120.00 |
| Law Clerk | Rate | Hours | TOTAL |
| Jamarri J. Ivy | $225/hour | 221.00 | $49,725.00 |
| Paralegals | Rate | Hours | TOTAL |
| Patrick J. Durkin | $175/hour | 26.30 | $4,602.50 |
| Jay W. Jung | $175/hour | 12.90 | $2,257.00 |
| Vantiel E. Duncan | $175/hour | 21.70 | $3,797.50 |
| Lucas Rappoport | $175/hour | 8.50 | $1,487.50 |
| Harry Hartfield | $175/hour | 3.70 | $647.50 |
| James Tai | $175/hour | 0.70 | $122.50 |
| TOTALS | | | $141,860.00 |

### D.  Costs Should be Awarded

In addition to attorneys' fees, taxable and discretionary costs were incurred in connection with the litigation of this action.  Generally, a prevailing plaintiff in an action under the FLSA or NYLL is entitled to recover costs from the defendant.  *Santillan v. Henao*, 822 F. Supp. 2d 284, 301 (E.D.N.Y. 2011).  Particularly, under the FLSA, in addition to the amount owed and reasonable attorney's fees, costs of the litigation will also be imposed on the Defendant.  29 U.S.C.A. § 216.  Similarly, under the NYLL, the costs of enforcing any judgment are also imposed on the defendant.  N.Y. Lab. Law § 663.

17

The costs and out-of-pocket expenses incurred by counsel are of the type routinely billed by counsel's fee-paying clients and are necessary items incurred in the litigation process. As such, Plaintiffs' costs should be awarded on this fee application. *See Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (awarding costs for "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients"). As such, Plaintiffs are entitled to an award for costs in the amount of $2,457.43. *See* Gottlieb Decl. at ¶ 22; Ex. J.

Therefore, Plaintiffs respectfully request an award of attorneys' fees and costs in the amount of $144,317.43.

## IV. PLAINTIFFS ARE ENTITLED TO AN AWARD OF PRE- AND POST-JUDGMENT INTEREST

Under the FLSA, pre-judgment interest is not available. Federal courts have recognized that "prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA." *Santillan*, 822 F. Supp. at 298. *See also, Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1064 (2d Cir.1988). Instead, post-judgment interest is "available as a matter of course on any recovery under the FLSA." *Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 68 (N.D.N.Y. 2008). Here, post-judgment interest should be awarded pursuant to the FLSA. Post-judgment interest serves the purpose of compensating Plaintiffs for the delay suffered from the time their damages were reduced to an enforceable judgment, until the time Defendants ultimately pay the judgment. *U.S. v. Tate & Lyle N. Am. Sugars, Inc.*, 90 A.F.T.R. 2d 2002-6485 (S.D.N.Y. 2002).

Prejudgment interest is, however, available under the NYLL. N.Y. Lab. Law § 663. § 5001 of New York's Civil Practice Law and Rules governs the calculation of prejudgment interest for the NYLL. *Santillan*, 822 F. Supp. at 298. New York courts ordinarily apply a statutory annual interest rate of nine percent per. N.Y. C.P.L.R. § 5004. § 5001(b) states that

interest may be calculated from "the earliest ascertainable date the cause of action existed," when the damage is confined.  N.Y. C.P.L.R. § 5001(b).  When the damages were incurred at various times, however, "prejudgment interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id*

Pre-judgment interest should be imposed here pursuant to the NYLL.  All of the Plaintiffs damages arose around the same time, thus, the statutory interest rate of nine percent should be calculated from November 1, 2010, the earliest ascertainable date the cause of action existed.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' inquest and enter an Order awarding Plaintiffs damages.  The chart below consolidates the damages as to each Plaintiff and in total as requested above on the First, Second, Third and Fourth Causes of Action exclusive of attorneys' fees and costs and interest addressed above.

| Plaintiff | First & Second Causes of Action | Third Cause of Action | TOTAL |
|---|---|---|---|
| Farrah Kule-Rubin | $3,828.00 | $11,054.16 | $14,882.16 |
| Lana Rybak | $3,828.00 | $17,572.00 | $21,400.00 |
| Sheila Yen-Pfister | $3,828.00 | $34,927.40 | $38,755.40 |
| Jeanette Penalver | $3,828.00 | $15,397.80 | $19,225.80 |
| Rebecca Schlossberg | $3,828.00 | $12,794.04 | $16,622.04 |
| Tieu Phan Chan | $3,828.00 | $5,768.00 | $9,596.00 |
| Lai Wan Ng | $3,828.00 | $5,128.00 | $8,956.00 |
| Shaoli Hu Zhang | $3,828.00 | $4.488.00 | $8,316.00 |
| Claudette Jean-Baptiste | $2,088.00 | $3,648.00 | $5,736.00 |

| Moon Chan | $3,828.00 | $13,340.80 | $17,168.40 |
| Fun Yim Ng | $3,828.00 | $21,646.46 | $25,474.46 |
| **TOTAL** | **$40,368.00** | **$156,984.66** | **$197,352.66** |

WHEREFORE, Plaintiffs respectfully request an order that Plaintiffs are entitled to (1) damages in the amount of $13,456.00 for failure to pay minimum wage under the First and Second Causes of Action; (2) liquidated damages under the FLSA and the NYLL in the amount of $26,912.00 for violations of the First and Second Causes of Action; (3) damages in the amount of $78,492.33 for violations of the Third Cause of Action; (4) liquidated damages under the NYLL in the amount of $78,492.33 for violations of the Third Cause of Action; (5) attorneys' fees and costs in the amount of $144,317.43; (6) pre-judgment interest on Plaintiffs' NYLL award in the amount of nine percent; (7) post-judgment interest on Plaintiff's entire award accruing from the date of judgment until the time that Defendants ultimately pay the judgment; and for such other relief deemed just and proper.

Dated: June 15, 2012
       New York, NY

Respectfully submitted,

THOMPSON WIGDOR LLP

By: _____
       Douglas H. Wigdor
       David E. Gottlieb

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile:  (212) 257-6845
dwigdor@thompsonwigdor.com
dgottlieb@thompsonwigdor.com

*Counsel for Plaintiffs*