UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
FARRAH KULE-RUBIN, LANA RYBAK, SHEILA YEN-
PFISTER, JEANETTE PENALVER, REBECCA
SCHLOSSBERG, TIEU PHAN CHAN, LAI WAN NG,
SHAOLI HU ZHANG, CLAUDETTE JEAN-BAPTISTE,
MOON CHAN and FUN YIM NG,

                    Civil Action No.:
                    11 CIV 2424 (TPG) (JLC)

                Plaintiffs,

      - against -

BAHARI GROUP LIMITED; REZA BAHARI, in his
individual and official capacities; FATTANEH BAHARI, in
her individual and official capacities; and "JOHN DOES 1
through 5," whose names are not currently known, in their
individual and official capacities,

                Defendants.

------------------------------------------------------------------- X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' INQUEST FOR DAMAGES, ATTORNEYS' FEES, COSTS AND PRE- AND POST-JUDGMENT INTEREST

THOMPSON WIGDOR LLP

David E. Gottlieb, Esq.
85 Fifth Avenue
New York, New York 10003
Phone: (212) 257-6800
Facsimile: (212) 257-6845

*Attorneys for Plaintiffs*

Plaintiffs Farrah Kule-Rubin, Lana Rybak, Sheila Yen-Pfister, Jeanette Penalver, Rebecca Schlossberg, Tieu Phan Chan, Lai Wan Ng, Shaoli Hu Zhang, Claudette Jean-Baptiste, Moon Chan and Fun Yim Ng, by and through their undersigned attorneys, (collectively "Plaintiffs") respectfully submit this reply memorandum of law in support of their motion for damages, attorneys' fees, costs and pre- and post-judgment interest.

## PRELIMINARY STATEMENT

This is an inquest for damages. Liability is presumed on the First, Second, Third and Fourth Causes of Action of the Amended Complaint by virtue of Plaintiffs' partial judgment on the pleadings as ordered by the Court on March 5, 2012. The only issue to be determined at an inquest is the amount of damages to be awarded. Despite this, Defendants' opposition papers attempt to argue the merits of this matter and contest liability on those causes of action for which judgment has already been granted. This is inappropriate at this stage and constitutes a waste of the time and resources of all parties and the Court. Nonetheless, Defendants' arguments ring completely hollow because Plaintiffs were simply not compensated for their labor as required by law. The Court should grant Plaintiffs' request for damages and attorneys' fees in its entirety as Defendants have not contested damages (they have only contested liability) in any manner.

## ARGUMENT

### I. DEFENDANTS' LIABILITY IS PRESUMED AS A MATTER OF LAW

Plaintiffs have been awarded partial judgment on the pleadings as to the First, Second, Third and Fourth Causes of Action of the Amended Complaint and liability is presumed as to those causes of action. For that reason, this Court is holding an inquest on damages. Absent a judgment, there would be no basis for an inquest. Defendants claim that liability cannot be assumed because "[a]ll employees were paid for work performed and compensated for all activity." Defs. Br. at 2-3. This argument misses the mark completely as it is an improper

1

attempt to address the merits of the Plaintiffs' claims, not the amount of damages.  As liability has already been determined, the only issue at the inquest is the amount of damages.

## II.  PLAINTIFFS ARE ENTITLED TO THEIR REQUESTED DAMAGES

Defendants argue that Plaintiffs are not entitled to damages for their November 2010 wages because Plaintiffs did not remain employed at Bahari Group Limited ("Bahari Group") throughout that month.  This is, in essence, an argument as to liability, not damages.  The basis for the judgment on the pleadings is Defendants' admission that Plaintiffs were employed in November 2010 but were not paid for their work.  Defendants cannot now contest damages by arguing effectively that there is no liability in the first place.  Nonetheless, Plaintiffs *did* work throughout November 2010 without compensation, as testified to in the Plaintiffs' declarations in support of their inquest for damages.

Moreover, as explained in Plaintiffs' moving papers, and not addressed by Defendants in their opposition papers, Defendants failed to keep any employment records of Plaintiffs.  The FLSA and NYLL both require an employer to maintain and preserve adequate records.  29 U.S.C.A. § 211(c); N.Y. Lab. Law § 196-a.  Here, Defendants have not maintained any employment records; or, perhaps the records at issue have been destroyed or are otherwise not being made available for production.  Plaintiffs served document requests on Defendants for any records related to Plaintiffs' employment, compensation and hours worked.  Gottlieb Decl. at ¶11; Ex. D.  Defendants failed to provide any business records whatsoever.  *Id.* at ¶¶11; 12; 13; Ex. E.  Defendants explained that they were no longer in possession of employment documents related to any of the Plaintiffs because IDB Bank took possession of Company documents.  *Id.* at ¶13; Ex. E.  Plaintiffs subsequently subpoenaed IDB Bank for these employment documents.  *Id.* at ¶14; Ex. F.  IDB Bank, however, denied possession of any such documents.  *Id.* at ¶ 15; Ex. G.

When the employer fails to maintain records, a plaintiff can meet his or her burden of establishing damages by testifying that "he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 367 (S.D.N.Y. 2005). Plaintiffs have done just that through the testimony contained within their declarations. Defendants cannot deny Plaintiffs the wages and damages they are lawfully entitled to simply by submitting a declaration of an individual Defendant stating that Plaintiffs were paid their wages, particularly where there is an absence of any documentary support for these defenses.[1]

Tellingly, the affidavit of Reza Bahari submitted in opposition to Plaintiffs' inquest submission does not even conclusively deny Plaintiffs' testimony regarding the days and hours worked. Rather, the affidavit only states, that Plaintiffs "did not work until November 30, 2010," but does not state whether Plaintiffs worked in November 2010 until some other date, nor does it deny that Plaintiffs worked in November 2010. Bahari Decl. at ¶4. Moreover, the affidavit is based on "reliance on the records available to me," without any identification or attachment of those documents. *Id.* This is particularly troubling given that Defendants have not produced a single document in response to Plaintiffs' document requests.

Thus, Defendants cannot refute liability and cannot rebut Plaintiffs' request for damages. Accordingly, Plaintiffs are entitled to the damages as set forth in their inquest submission.

---

[1] Defendants argue, in a footnote, that Jeannette Penalver's testimony that she was not paid during the month of November 2010 is incredible because of an attached paystub dated November 18, 2010. Defendants completely ignore Ms. Penalver's testimony that while the paystub was provided to her, the funds were "never disbursed." *See* Penalver Decl. at ¶4.

III. **PLAINTIFFS ARE ENTITLED TO DAMAGES AGAINST REZA BAHARI AND FATTANEH BAHARI**

Plaintiffs were granted judgment on the pleadings on the Fourth Cause of Action seeking to hold Defendants Reza Bahari and Fattaneh Bahari individually liable under Business Corporation Law ("BCL") §630. Under the New York BCL, the "ten largest shareholders … shall jointly and severally be liable for all debts, wages, or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation." BCL § 630(a). Again, Defendants argue the merits of this cause of action, not the amount of damages to be assessed against the individual Defendants. This is utterly improper.

Nonetheless, the entire basis for Defendants' argument on the merits is that Plaintiffs failed to provide timely written notice of their intention to hold the individual Defendants liable as required under the BCL. Defendants did not submit any admissible evidence to support the proposition that Plaintiffs failed to comply with this prerequisite. In fact, Reza Bahari's declaration does not even state that Plaintiffs failed to provide notice such notice. Notably, Fattaneh Bahari did not submit any declaration whatsoever. What is more, Plaintiffs alleged in the Amended Complaint that the Plaintiffs provided written notice of their intention to hold Reza Bahari and Fattaneh Bahari individually liable under BCL §630, and Defendants' responded by "neither admit[ting] nor deny[ing]" such allegation. Gottlieb Decl. Ex. A at ¶¶64, 65, 66; Ex.B at ¶¶64, 65, 66. Such an answer is and was deemed an admission under the Federal Rules.

To be clear, Plaintiffs did provide Defendants with written notice as required by BCL §630. In addition to other written notice provided by Plaintiffs to Reza and Fattaneh Bahari (which will be provided to the Court if necessary), on February 8, 2011, Plaintiffs provided such written notice through their counsel. *See* Gottlieb Supp, Decl. at A, p. 3. The correspondence from Plaintiffs' counsel clearly states Plaintiffs' intention to hold Reza and Fattaneh Bahari

4

individually liable pursuant to the BCL. Thus, the damages Plaintiffs are awarded under this inquest should be enforceable against Defendants Reza and Fattaneh Bahari, individually.

## IV.  PLAINTIFFS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS

Defendants claim that Plaintiffs are not entitled to attorneys' fees because the request is not submitted by adequate billing records. *See* Defs. Br. at 8. Defendants claim that Plaintiffs' requested attorneys' fees of $141,860.00 are not consisting with the time records listing approximately $2,400 in fees. Defendants have obviously confused the attorneys' fees billing records with the costs and expenses of litigation. Plaintiffs' billing records were attached to the Gottlieb Declaration at Exhibit I and show attorneys' fees in the amount of $141,860. Plaintiffs' costs and expenses were attached to the Gottlieb Declaration at Exhibit J and show such expenses in the amount of $2,457.43.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court order that Plaintiffs are entitled to the damages as set forth in Plaintiffs' inquest submission, and for such other relief deemed just and proper.

Dated: July 10, 2012
       New York, NY

Respectfully submitted,

THOMPSON WIGDOR LLP

By: _____
    David E. Gottlieb

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile:  (212) 257-6845
dgottlieb@thompsonwigdor.com

*Counsel for Plaintiffs*

5