UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FARRAH KULE-RUBIN, LANA RYBAK, SHEILA  :
YENPFISTER, JEANETTE PENAL VER, REBECCA :
SCHLOSSBERG, TIEU PHAN CHAN, LAI WAN   :
NG, SHAOLI HU ZHANG, CLAUDETTE JEAN-   :   Civil Action No.:
BAPTISTE, MOON CHAN and FUN YIM NG,    :   11 CIV 2424 (TPG)(JLC)
                                       :
                      Plaintiffs,      :
                                       :
         - against -                   :
                                       :
BAHARI GROUP LIMITED; REZA BAHARI, in his :
individual and official capacities; FATTANEH :
BAHARI, in her individual and official capacities; and :
"JOHN DOES 1 through 5," whose names are not :
currently known, in their individual and official :
capacities,                            :
                                       :
                      Defendants.      :
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

THOMPSON WIGDOR LLP
85 Fifth Avenue, Fifth Floor
New York, NY 10003
(212) 257-6800

Counsel for Plaintiffs

Plaintiffs Farrah Kule-Rubin, Lana Rybak, Sheila Yen-Pfister, Jeanette Penalver, Rebecca Schlossberg, Tieu Phan Chan, Lai Wan Ng, Shaoli Hu Zhang, Claudette Jean-Baptiste, Moon Chan and Fun Yim Ng, by and through their undersigned attorneys, (collectively "Plaintiffs") respectfully submit this memorandum of law in support of their motion to compel Defendants Bahari Group Limited ("Bahari"), Reza Bahari and Fattaneh Bahari's (the "Individual Defendants") (collectively "Defendants") to produce responses to Plaintiffs' interrogatories.

## PRELIMINARY STATEMENT

This is an action for damages on account of Defendants' intentional withholding of wages and unlawful conduct in deceiving Plaintiffs to continue to work for them based on assurances that their wages would be paid, when in fact Defendants never had any intention to do so. Plaintiffs have alleged willful violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Laws ("NYLL"), as well as several state law tort and contract claims. On March 5, 2012, Plaintiffs were granted judgment on the pleadings as to the first, second and third causes of action for which Plaintiffs are owed minimum wages, unpaid wages, accrued vacation pay and reimbursement of expenses for the period of November 2010. Moreover, Plaintiffs were granted judgment on the pleadings as to the fourth cause of action, holding Defendants Reza Bahari and Fattaneh Bahari individually liable under the Business Corporation Law. On July 10, 2012, the parties submitted papers for an inquest on damages which is currently *sub judice*. The Court's order on the inquest submission will determine the amount of damages owed by Defendants to Plaintiffs.

However, Plaintiffs are legitimately concerned that Defendants will obstruct their attempts to collect on the anticipated judgment. Defendants' counsel has falsely indicated on

many occasions that Bahari and the Individual Defendants are assetless and judgment proof. Moreover, throughout this litigation, Defendants have showed complete disregard for the legal process such that it is likely that Plaintiffs attempts to locate assets will be frustrated. Defendants initially brought utterly baseless and frivolous counterclaims against Plaintiffs which were summarily dismissed. Defendants have since failed to engage in any bona fide discovery whatsoever. For instance, Plaintiffs served discovery requests on September 23, 2011, and Defendants did not respond in any manner whatsoever for more than six months. *See* Gottlieb Decl., Exs. A, B.[1] When Defendants finally did respond, they failed to produce any documents at all and falsely claimed that IDB Bank took control of all of Defendants' responsive materials. *Id.*, Ex. B. But, IDB Bank separately claimed not to be in possession of any of Defendants' documents. *Id.*, Ex. C. Defendants' counsel has also failed to respond to numerous emails and other communication throughout this litigation. Defendants have continually frustrated Plaintiffs' ability to utilize the legal process to seek redress.

Accordingly, on August 15, 2012, Plaintiff requested a pre-motion conference regarding a potential motion to compel Defendants to identify their assets in excess of $5,000, which will assist Plaintiffs in their attempts to collect on their judgment following the Court's order on the inquest. On September 13, 2012, the Court held a status conference wherein the issues raised in Plaintiffs' pre-motion conference letter were addressed, and the Court advised that Plaintiffs could make a motion to compel after first issuing interrogatories to Defendants and providing Defendants an opportunity to respond. On September 13, 2012, Plaintiff served Defendants with a second set of interrogatories requesting the identification of assets on or before October 15, 2012. *Id.*, Ex. D. As before, the deadline to respond came and went without so much as a phone

---

[1] Though Defendants' document responses are undated, they were received on April 2, 2012. Plaintiffs served their document requests on September 23, 2011.

2

call from Defendants' counsel. Defendants have disregarded these requests entirely. Defendants failed to respond, or even object, to these interrogatories. Accordingly, Plaintiffs hereby move to compel responses.

## STATEMENT OF FACTS

**Background**

Defendant Bahari Group Limited ("Bahari Group" or the "Company") is and/or was a clothing design, manufacture, and distribution company located at 1400 Broadway, New York, NY. *See* Compl. at ¶ 17. Bahari Group is and/or was at all times owned, operated and controlled by Defendants Reza Bahari and Fattenah Bahari. *Id.* at ¶¶ 18, 19. Plaintiffs were long-term Bahari employees who occupied numerous positions throughout the Company ranging from seamstress to sales executive, dating as far back as 1995 with Bahari Group's predecessor. *Id.* at ¶ 21-31.

**Defendants' Unlawful Conduct**

In or around October 2010, after many years of valuable service, and without notice, Defendants outrageously stopped paying employees, including but not limited to Plaintiffs' hard-earned wages. *Id.* at ¶ 33. Amazingly, Defendants still expected employees to continue their employment and help run the Company. *Id.* Though Plaintiffs were rightfully angry about not being paid for work they had performed, they continued to work based on representations by Defendants that their past and future wages would be paid if, and only if, they continued to work. *Id.* That is, Defendants made earned wages contingent on continued employment, even though Defendants had no intention whatsoever to make any further wage payments. *Id.* Defendants' deceptive conduct induced uncompensated labor from Plaintiffs and other employees.

3

Many Bahari Group employees, including but not limited to Plaintiffs, complained to Defendants about their unlawful refusal to pay their wages to no avail. *Id.* at ¶ 34. Rather than remedy the problem and make payments to their employees, Defendants lied to them simply to maximize the amount of labor they could extract from their dedicated employees. *Id.* at ¶ 36 On or about November 30, 2010, Defendants terminated Plaintiffs' employment as well the employment of other employees. Moreover, following termination Defendants failed to provide Plaintiffs with continuing health coverage as required under COBRA. *Id.* at ¶ 42. To date, Plaintiffs have not been paid any compensation for their work during the months of October and November 2010, and in some circumstances even longer periods. *Id.* at ¶¶ 33, 34.

**Procedural History**

On April 8, 2011, Plaintiffs filed the Complaint, commencing the instant action. On May 5, 2011, Plaintiffs filed the First Amended Complaint, which remained substantively nearly identical, but added Plaintiffs Moon Chan and Fun Yim Ng. On September 6, 2011, Defendants filed their Answer with counterclaims. On October 11, 2011, Plaintiffs moved for judgment on the pleadings and to dismiss Defendants' counterclaims. On March 5, 2012, the Court granted Plaintiffs' motion for judgment on the pleadings and to dismiss Defendants' counterclaims. On July 10, 2012, the parties fully submitted an inquest regarding the damages to be awarded pursuant to the judgment in Plaintiffs' favor. On September 13, 2012, Plaintiffs served a second set of interrogatories regarding the identification of assets, to assist in the collection of the judgment. Defendants have simply ignored these requests altogether and not responded at all.

**ARGUMENT**

Federal Rule of Civil Procedure 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may

obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." (emphasis added). Moreover, New York Civil Practice Law and Rules §5223 provides that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment." Furthermore, the Second Circuit has held that, "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). Plaintiffs, who have obtained a judgment against Defendants, simply seek to take discovery which will aid them in the execution of that judgment, following the Court's order on the inquest submission setting the judgment amount.

Plaintiffs seek what is perhaps the most common post-judgment information requested -- the identification of assets. *See* Gottlieb Decl., Ex. D. It cannot be in dispute that the identification of assets will aid Plaintiffs in the execution and satisfaction of the judgment and is therefore properly discoverable. *See Republic of Argentina*. 695 F.3d 201 (affirming district court order pursuant to Rule 69 compelling third-party to identify assets); *Minpeco, S.A. v. Hunt*, 1989 WL 57704, at * 1 (S.D.N.Y. May 24, 1989) (stating that Rule 69 is "intended to provide the post-judgment creditor with an efficient means of uncovering the existence of assets upon which he may levy to satisfy the judgment," including discovery of "the identity and location of any of the judgment debtor's assets, wherever located' ") (citations omitted). Thus, pursuant to Rule 69, Plaintiffs properly requested, and Defendants should be ordered to produce, the information requested by Plaintiffs' interrogatories.

Moreover, Defendants' complete disregard for the legal process constitutes a waiver of the right to object to Plaintiffs' requests. Plaintiffs' properly served their second set of interrogatories on Defendants, and Defendants ignored the requests and did not respond or object

5

in any manner. It is well established that a party waives the right to object to a discovery request where the party does not timely respond to the request. *UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, No. 09 Civ. 4286, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010) (*citing Smith v. Conway Organization, Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y.1994)) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available"); *Labarbera v. Absolute Trucking, Inc.*, No. 08 CV 4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Eldaghar v. City of New York Department of Citywide Administrative Services*, No. 02 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). It has further been said that "[a]ny other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (*citing Eldaghar*, 2003 WL 22455224, at *1). To that end, Defendants have – *in this litigation* – repeatedly acted as though they have "license" to ignore the time limits of the Federal Rules, as described above.

Accordingly, Plaintiffs are entitled complete responses to their interrogatories including, but not limited to, identification of Defendants' assets in excess of $5,000, pursuant to Rule 69. Moreover, Defendants' habitual disregard for the legal process and the Federal Rules requires a waiver of any objections to Plaintiffs' requests. Lastly, Defendants should be advised that repeated failures to comply with the Federal Rules and other obstructionist legal tactics can result in the issuance of sanctions.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court issue an order granting Plaintiffs' motion to compel and directing Defendants to provide the requested information within 10 days of the issuance of the order, and for such other and further relief deemed just and proper.

Dated: November 13, 2012
New York, NY

Respectfully submitted,

**THOMPSON WIGDOR LLP**

By: _____
David E. Gottlieb

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile:  (212) 257-6845
dgottlieb@thompsonwigdor.com

*Counsel for Plaintiffs*